# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

CHRISTOPHER MULLINS and
BRITTANY MULLINS,

**Debtors.**

**Bankruptcy Case
No. 05-40734**

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

      Jay A. Kohler, Idaho Falls, Idaho, Attorney for Debtors.

      Gary L. McClendon, Office of the U.S. Trustee, Boise, Idaho.

      L. D. Fitzgerald, Pocatello, Idaho, Chapter 13 Trustee.

      The United States Trustee filed a motion to transfer or dismiss this Chapter 13 bankruptcy case on the basis of improper venue.  Christopher and Brittany Mullins, the Chapter 13 debtors, concede venue is improper in the District of Idaho, but argue the Court has discretion to retain an improperly venued case.  The Court heard oral argument from the parties on July 26, 2005.

MEMORANDUM OF DECISION - 1

They were given until July 29, 2005, to file any additional briefs. The United States Trustee filed a brief, Docket No. 27; Debtors did not.

The Court concludes it has no discretion to administer an improperly venued case. The following constitutes the Court's findings of fact, conclusion of law and disposition of the issue. Fed. R. Bankr. P. 7052; 9014.

**Factual Background**

Prior to moving to Idaho, the Debtors, husband and wife, lived in Utah. They filed a Chapter 13 bankruptcy case in that district in April 2004. Apparently, on the advice of Utah counsel, the Debtors dismissed their Utah bankruptcy case with the intent to immediately file for bankruptcy once they moved to Idaho.

Debtors moved to Idaho in April, 2005 for employment purposes. On April 15, 2005, just a few days after moving in to Idaho, Debtors filed for bankruptcy under Chapter 13 of the Code. Nothing in the record suggests that Debtors' move to Idaho and immediate bankruptcy filing here were done with improper motives or in an attempt to avoid their creditors. On their petition, Debtors marked the following statement pertaining to venue:

> Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date

MEMORANDUM OF DECISION - 2

>   of this petition or for a longer part of such 180 days
>   than in any other District.

Docket No. 1.

The U.S. Trustee argues that pursuant to 28 U.S.C. § 1408, venue is improper in Idaho because Debtors have not lived here for the majority of the past 180 days. And according to the U.S. Trustee, if venue is improper, the Court lacks discretion to take any action other than to transfer or dismiss the case. Debtors concede they have not lived in Idaho for the majority of the 180 days preceding the filing, but argue the Court has discretion to retain the case.

### Disposition

Venue for a bankruptcy case is set forth in 28 U.S.C. § 1408. Venue is proper in the district,

>   (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the Untied States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
>   (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408.

MEMORANDUM OF DECISION - 3

The law in this District is settled that the Court lacks discretion under 28 U.S.C. § 1408 to retain cases filed in the improper venue. "Under the provisions of Bankruptcy Rule 1014(a)(2) upon such a finding [of improper venue] this court has only the option of dismissing the case or transferring the case to another district." *In re Thornberry*, 90 I.B.C.R. 129, 129 (Bankr. D. Idaho 1990).

In support of their argument to the contrary Debtors cite to *In re Hall*, 128 B.R. 168 (Bankr. S.D. Tex. 1990). In *Hall*, the debtors lived in Las Cruces, New Mexico but filed bankruptcy in El Paso, Texas. The Court denied the motion to dismiss or transfer venue, reasoning that while venue in the Southern District of Texas was improper, pursuant to Fed. R. Bankr. P. 1014(a)(2), in the interest of justice and for the convenience of the parties, the case would remain in Texas. *Id.* at 170. The Texas Court applied Rule 1014(a)(2) to transfer venue to itself.

The result in *Hall* is inconsistent with this Court's decisions interpreting Rule 1014(a)(2). That Rule provides:

> Cases Filed in Improper District. If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer

MEMORANDUM OF DECISION - 4

> is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. P. 1014(a)(2). As this Court has previously explained:

> Rule 1014 leaves a bankruptcy court with but two options when faced with a case filed in the wrong venue: to dismiss the case; or to transfer the case to another district. *In re Thornberry*, 90 I.B.C.R. 129 (Bankr. D. Idaho 1990). *See also In re Petrie*, 142 B.R. 404, 405-06 (Bankr. D. Nev. 1992) (although there is a split of authority, the majority of courts hold that a court cannot retain an improperly venued case over an objection of a party in interest).
>
> In *Petrie*, the court recognized "that, on occasion, quirks of geography . . . make it necessary for a case to be heard in the closest court, even if that court is in another state." *In re Petrie*, 142 B.R. at 407. However, the *Petrie* court went on to hold that it is the role of the "home court" or district in which venue is proper, to determine whether a change of venue is appropriate under 28 U.S.C. § 1412.

*In re Sauer*, 00.3 I.B.C.R. 127, 129 (Bankr. D. Idaho 2000) (quoting *In re Corona*, Bankr. Case No. 00-00200, Summ. Order at 2–3 (Bankr. D. Idaho April 21, 2000)).

## Conclusion

Debtors concede they filed their bankruptcy case in the improper venue. This Court lacks discretion to retain a case filed improperly in this District. Debtors have not indicated to the Court whether they would prefer a transfer or

MEMORANDUM OF DECISION - 5

dismissal of the case. Pursuant to Rule 1014, the Court concludes the U.S. Trustee's motion should be granted and this case should be transferred to the District of Utah. If Debtors choose to do so, they may ask the Utah court, as the "home court," to change venue to Idaho. In the alternative, Debtors will be allowed a brief time to voluntarily dismiss this case, 11 U.S.C. § 1307(b), so that they may refile it in Idaho, assuming venue would now be proper. A separate order will be entered.

Dated: August 22, 2005

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 6